**BURGETT, INC., Plaintiff,**

v.

**AMERICAN ZURICH INSURANCE COMPANY, Defendant.**

No. 2:11–cv–01554–MCE–JFM.

United States District Court, E.D. California.

Aug. 6, 2012.

As Corrected Aug. 24, 2012.

David A. Gauntlett, Gauntlett & Associates, Irvine, CA, for Plaintiff.

Jordon Edward Harriman, Lewis Brisbois Bisgaard & Smith LLP, Lane John Ashley, Los Angeles, CA, for Defendant.

## MEMORANDUM AND ORDER

MORRISON C. ENGLAND, JR., District Judge.

This matter arises out of Plaintiff Burgett, Inc.'s ("Plaintiff") motion for partial summary judgment for payment of attorneys' fees plaintiff incurred prior to November 23, 2010, the date plaintiff tendered to Defendant the defense of the underlying action brought against it by Persis International Inc.[1] and Edward F. Richards (collectively, "Persis"). Defendant, American Zurich Insurance, Inc. ("Defendant"), Plaintiff's general liability insurance carrier, opposes the motion. For the reasons set forth below, Plaintiff's motion is DENIED.

On November 23, 2011, the court issued an order granting Plaintiff's motion for partial summary judgment. (*See* Order, ECF No. 22.) Specifically, the court held that Defendant breached its duty to defend Plaintiff in the underlying *Persis* ac-

tion. (*Id.* at 22:26–28.) The court also held that Plaintiff should be "awarded reasonable attorneys' fees for breach of its duty to defend the underlying *Persis* action." (*Id.* at 23:1–2.)

Since the court issued its order, Defendant has paid Plaintiff $68,388.85 for expenses, fees and prejudgment interest Plaintiff has incurred defending the *Persis*[2] action.[3] (Pl.'s Stmt. of Uncontroverted Facts ("UF"), ECF No. 28–4, ¶ 8.) Defendant, however, refused to pay any fees Plaintiff incurred prior to tendering defense of the *Persis* action to Defendant. (*Id.* ¶ 17.)

Plaintiff filed its motion on March 22, 2012, asking the court to order Defendant to pay Plaintiff for those fees it incurred defending the *Persis* action prior to tendering defense of that action to Defendant. The sole issue before the court, therefore, is purely a legal question: under California law, is an insurer who previously breached its duty to defend required to pay fees incurred by the insured prior to tendering defense of the underlying action?

Plaintiff's central argument in support of its motion is that, because Defendant originally declined to defend the *Persis* action, and Plaintiff had to seek a court order to invoke Defendant's duty to defend, the date Plaintiff tendered defense of the *Persis* action is irrelevant. More specifically, while Plaintiff concedes that the duty to

---

1. *Persis International, Inc. v. Burgett, Inc.*, 1:09–cv–07451 (N.D.Ill.2011). Plaintiff attached the relevant complaint in the underlying action to its complaint. (*See* Pl.'s Compl., ECF No. 1, Ex. 2.)

2. Plaintiff also asks the court to order Defendant to pay for fees Plaintiff incurred in defending an unrelated action—the "Richards Lawsuit." (Pl.'s Mot. for Summ. J. ["MSJ"], ECF No. 26, at 2:10–4:2.) The "Richards Lawsuit," however, is not, and never has

been, at issue before the court. To that end, Plaintiff's motion is denied to the extent it seeks fees incurred defending actions other than the *Persis* action.

3. Plaintiff conceded that Defendant has reimbursed it for all fees incurred for its post-tender defense of the *Persis* Action. (*See* Pl.'s Reply to Def.'s Opp'n to MSJ ["Reply"], ECF 32 at 12:9–10.)

defend does not arise until tender, Plaintiff asserts that the duty to reimburse is broader and requires a Defendant who has breached its duty to defend to pay all fees incurred by the insured, both pre-and post-tender. According to Plaintiff, "[i]n addition to Zurich's undisputed duty to defend post-tender, there is an additional implied-in-law duty which requires Zurich to reimburse Burgett for its expenses incurred in defending the *Persis* ... action[ ] which predated the date of tender in" the *Persis* action. (MSJ at 10:26–11:2.) Plaintiff maintains that "[s]uch rules of law, even when not squarely articulated, are properly deduced from the courts' decisional logic." (Reply at 2:23–3:1.)

Defendant argues that California case law has long held that "no duty to defend can arise before the insured tenders the defense of the third party lawsuit to the insurer." (Opp'n to MSJ, ECF 29 at 3:18–19.) Defendant asserts that "[t]ender of defense is a *condition precedent* to the insured's right to be indemnified. Thus, whatever a carrier might do *after* tender cannot create a duty to reimburse fees incurred *prior* to tender, since no duty exists until tender." (*Id.* at 4:1–3.) (Emphasis in original.) Therefore, Defendant maintains, it has no duty to reimburse Plaintiff for fees and costs it incurred prior to tendering defense of the action.

▪ The court finds that Plaintiff is only entitled to those fees it would have incurred had Defendant initially accepted defense of the *Persis* action, and thus, Plaintiff's motion should be denied. While Plaintiff asks the court to impose an "implied-in-law" obligation upon Defendant to reimburse fees incurred prior to tender, Defendant has directed the court to a significant body of California case law containing express language stating that there

is no duty to defend until the insured tenders defense of the underlying action.

▪ Specifically, under California law, "[i]t is well understood ... that an insurer's duty does not arise until defense is tendered by the insured and the known facts point to a potential for liability under the policy." *Valentine v. Membrila Ins. Services, Inc.,* 118 Cal.App.4th 462, 473, 13 Cal.Rptr.3d 125 (2004). This axiom was firmly established by the California Supreme Court in *Montrose Chemical Corp. v. Super. Ct.,* 6 Cal.4th 287, 295, 24 Cal. Rptr.2d 467, 861 P.2d 1153 (1993), which held that "[t]he defense duty is a continuing one, arising on tender of defense and lasting until the underlying lawsuit is concluded." This principle has been consistently reiterated since the holding in *Montrose. See Foster–Gardner, Inc. v. National Union Fire Ins. Co.,* 18 Cal.4th 857, 886, 77 Cal.Rptr.2d 107, 959 P.2d 265 (1998) (holding that "the temporal limits of the insurer's duty to defend" lies "between tender of the defense and conclusion of the action."); *Buss v. Super. Ct.,* 16 Cal.4th 35, 46, 65 Cal.Rptr.2d 366, 939 P.2d 766 (1997) (duty to defend "arises as soon as tender is made.") Defendant's duty to reimburse Plaintiff for defense fees, therefore, spans from the date Plaintiff tendered defense of the underlying action, November 3, 2010 (*see* Pl.'s Compl., ECF 1, Ex 3), to the conclusion of the *Persis* action.

Plaintiff, conversely, has cited no California law holding that an insurer who declines to accept defense after tender will subsequently be obligated to pay pre-tender expenses if a court finds the insurer did owe a duty to defend. For example, Plaintiff relies heavily on *Jamestown Builders Inc. v. General Star Indemnity Co.,* 77 Cal.App.4th 341, 91 Cal.Rptr.2d 514 (1999). *Jamestown,* however, is inapposite. *Jamestown* involved a "no-voluntary-

payment provision[4] to preclude insurance coverage for repair expenses incurred by a home developer." *Id.* at 343, 91 Cal. Rptr.2d 514. The primary holding in *Jamestown* was that where an insured does not tender defense to the insurer, the insurance policy's no voluntary payment provision will release an insurer's obligation to indemnify a Plaintiff for a settlement entered into unilaterally, absent a showing of prejudice. *Id.* at 350, 91 Cal. Rptr.2d 514. Plaintiff, however, relies on dicta stating that, where an insurer breaches its duty to defend, a no-voluntary payment provision will not protect the insurer unless it can show that a settlement entered into without its consent "was not reasonable or was the product of fraud or collusion." *Id.* at 347–348, 91 Cal.Rptr.2d 514. *Jamestown* does not, however, create an "implied-in law" obligation upon insurers who originally decline the insured's tender to later reimburse the insured for pre-tender expenses.

Plaintiff's inability to cite to any California law directly on point underscores the tenuous nature of its argument. Plaintiff cannot now, post hoc, argue that there is some unstated, yet implied, duty upon insurers to pay fees that it would not have had to pay had it originally accepted tender. Defendant, conversely, has cited to numerous cases supporting its contention that it is not obligated to reimburse Plaintiff for expenses incurred prior to tendering defense of the *Persis* action. While an insurer is undoubtedly liable for the consequences flowing directly from its breach, it is not liable for costs incurred before it did anything wrong, and was unaware that there was even a claim to defend.

4. The court notes that Defendant also argues that the no-voluntary payment provision in its policy with Plaintiff also negates any obligation to pay pre-tender costs. Because the court finds that, under California law, the

For the foregoing reasons, Plaintiff's motion is DENIED in its entirety.

IT IS SO ORDERED.

duty to defend does not arise until tender, and thus, Defendant is not required to pay pre-tender expenses, the court does not reach this issue.